UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                           :
UNITED STATES OF AMERICA
                                           :     INTERLOCUTORY ORDER
                                                       OF SALE
     v.                                  :
                                                       07 Cr. 988 (SCR)
CHARLES LACY-THOMSPON,          :

                Defendant.     :
- - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about October 24, 2007, CHARLES LACY-THOMPSON (the "defendant") was charged in Indictment No. 07 Cr. 988 (SCR) (the "Indictment") with copyright infringement, in violation of 18 U.S.C. §§ 2320(a) and 2;

        WHEREAS, the Indictment contained a forfeiture allegation providing notice that, as a result of the offense charged in the Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 2320(a) and 2, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the alleged copyright infringement offense, as well as any and all property used or intended to be used to commit and to facilitate the commission of said offense, and any and all property that bears or consists of a counterfeit mark used in committing the offense, including but not limited to the following:

> All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 701 Crandon Blvd., Unit 201, Key Biscayne, Florida 33149 (the "Subject Property");

WHEREAS, the property is more particularly known as:

Condominium Unit 201 of Resort Villa 1, 701 Crandon Blvd., Key Biscayne, Florida 33149, recorded in Official Records Book 18170, at Page 3401, of the Public Records of Miami-Dade County, Florida.

WHEREAS, on or about April 30, 2008, the defendant pled guilty to the Indictment before a United States Magistrate Judge pursuant to a plea agreement with the Government;

WHEREAS, on or about May 8, 2008, the Court accepted the defendant's plea of guilty;

WHEREAS, under the terms of the plea agreement, the defendant agreed to forfeit all of his right, title and interest in the Subject Property;

WHEREAS, title of the Subject Property is held in the names of the defendant and his wife, Laura Lacy-Thompson;

WHEREAS, the Government has filed a notice of pendency (the "lis pendens") providing notice of its interest in the Subject Property;

WHEREAS, there is one mortgage on the Subject Property, held by PHH Mortgage Services (approximately $237,228.84);

WHEREAS, the defendant and Laura Lacy-Thompson have entered into a sales contract to sell the Subject Property for $745,000.00, subject to the approval of the Government;

WHEREAS, in the interest of avoiding a diminishment of the value of the forfeitable property, the parties respectfully request that the Court permit the defendant and Laura Lacy-Thompson to sell the property to a purchaser approved by the United States in an arms-length interlocutory sale and that the net proceeds will

2

be held as the substitute <u>res</u> for the Subject Property in the above-captioned case;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that plaintiff, United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, of counsel Anna E. Arreola, Assistant United States Attorney, and the defendant, by and through his attorney, Philip F. Foglia, Esq., and Laura Lacy-Thompson:

1. The Subject Property shall be sold in an arms-length transaction under terms and conditions of a written contract approved by the Office of the United States Attorney for the Southern District of New York.

2. The defendant and Laura Lacy-Thompson shall ensure that prior to, or at the time of, the closing, the buyer of the Subject Property executes the appropriate United States Marshal Service Declaration & Certification asserting that the Buyer is not associated with, related to, or acting or behalf of the defendant. Should the United States determine that the Buyer is associated with the defendant, after notice and an opportunity to be heard, the Subject Property shall automatically revert to and be forfeited to the United States.

3. The cumulative net proceeds shall be made payable to the United States Marshals Service ("USMS") and shall be held by the USMS in the Asset Forfeiture Fund pending further order of the Court. Said proceeds, and any and all income or interest accrued thereon, shall serve as a substitute <u>res</u> for the Subject Property in this case.

4. The parties agree that the cumulative net proceeds from the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

    a. Real estate commissions, if any;
    b. Insurance costs, if any;
    c. Escrow fees;
    d. Document recording fees not paid by the buyer;
    e. Title fees;
    f. Reasonable real estate attorney's fees, if any, with respect to the sale of the Subject Property.

5. The parties agree that all of the foregoing payments are subject to approval by the United States Attorney's Office. Moreover, the defendant and Laura Lacy-Thompson represent that there are no loans, mortgages, tax liens, or any other kinds of encumbrances on the Subject Property other than the mortgage held by PHH Mortgage Services.

6. The cash/check proceeds of the sale of the Subject Property (approximately $448,000.00) shall be made payable to the United States Marshals Service and held by the United States Marshals Service in its Seized Asset Fund until further order of this Court, and shall be the substitute <u>res</u> for the property in this action.

7. Upon the successful completion of the sale of the Subject Property, and the surrender of the net proceeds of the sale to the USMS, the Government's interest in the Subject Property will

4

be satisfied and it will provide an extinguishment of the lis pendens.

    8. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____     DATE _____
    Anna E. Arreola
    Assistant U.S. Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel. No. (212) 637-2218

CHARLES LACY-THOMPSON

By: *[signature]*     6/26/08
    Charles Lacy-Thompson    DATE

*[signature]*     6/26/08
Philip F. Foglia, Esq.    DATE
Counsel for the defendant

*[signature]*     June 26, 2008
LAURA LACY-THOMPSON    DATE

SO ORDERED:

SO ORDERED:
*[signature]*

_____     June 27, 2008 ✓
HONORABLE STEPHEN C. ROBINSON    DATE
United States District Court
Southern District of New York

5